# UNITED STATES DISCTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AMIE LAUER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CASE NO.: 2:20-cv-00036 |
| SECURITY FINANCE OF MISSOURI, LLC, | ) ) Complaint and Jury Trial Demand ) |
| Defendant. | ) |

COMES NOW Plaintiff, Amie Lauer, by and through the undersigned counsel and states and alleges as follows for her Complaint against Defendant Security Finance of Missouri, LLC (hereinafter, "Defendant Security Finance"):

1. Plaintiff is and was at all times relevant to the allegations contained herein a Missouri resident.

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332 and under the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

3. As Defendant regularly does business within the Eastern District of Missouri, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 2000e-5(f)(3). Additionally, the acts that form the basis of this lawsuit occurred within this jurisdiction.

4. Plaintiff is an individual residing at 23225 Audrain Road 834, Mexico, MO 65265.

5. Defendant Security Finance is a limited liability company operating under the laws of Missouri and an employer within the meaning of the Missouri Human Rights Act.

**BACKGROUND FACTS APPLICABLE TO ALL COUNTS**

6. Plaintiff was employed by Defendant Security Finance from approximately October 17, 2016 until April 25, 2019 in varying roles.

7. Plaintiff began her employment with Defendant Security Finance as an Assistant Manager and on November 6, 2017, Plaintiff was promoted to Branch Manager because of her extraordinary work record with Defendant Security Finance.

8. While she was employed as a Branch Manager, she received performance-based bonuses.

9. In Plaintiff's role as a Branch Manager, she reported to a Regional Manager with Defendant Security Finance, Krystal Richardson (hereinafter, "Regional Manager Richardson).

10. On or about November 16, 2018, Regional Manager Richardson told Plaintiff that Plaintiff's branch was in the "top two" of branches that Regional Manager Richardson supervised.

11. On or about November 30, 2018, Regional Manager Richardson told Plaintiff that Plaintiff's branch was in her list of "top branches" and that Regional Manager Richardson was proud of Plaintiff and all Plaintiff had done in her role as Branch Manager for "2019 [sic]."

12. On or about December 30, 2018, Plaintiff informed Defendant Security Finance by and through Regional Manager Richardson that she was pregnant.

13. On or about February 13, 2019, Defendant Security Finance put Plaintiff on a "Mutual Action Plan" due to "poor performance" despite the fact that she was just told on November 30, 2018 that she was performing well in her role as Branch Manager by Regional Manager Richardson.

14. The only change in Plaintiff's job performance and job conditions between November 30, 2018 and February 13, 2019 was that Defendant Security Finance learned that Plaintiff was pregnant.

15. Defendant Security Finance continued to document performance issues for Plaintiff while she was pregnant despite the fact that the performance of the branch had not changed, and that Plaintiff was still receiving performance-based bonuses.

16. On or about April 25, 2019, Plaintiff was returning from a medical appointment related to her pregnancy when Regional Manager Richardson terminated Plaintiff's employment without explanation.

17. On or about May 20, 2019, Plaintiff was informed that the reason for her termination from her employment with Defendant Security Finance was "poor performance."

18. Plaintiff was still receiving performance-based bonuses at the time of her termination.

**COUNT I – Pregnancy Discrimination Act Violation**

COMES NOW Plaintiff, and for Count I of her Complaint against Defendant Security Finance, states as follows:

19. Plaintiff incorporates paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. The Pregnancy Discrimination Act (hereinafter, "PDA") prohibits the firing an individual because of that person's pregnancy. 42 U.S.C. §§ 2000e-2(a) (1), 2000e (k).

21. Defendant Security Finance discriminated against Plaintiff when they fired Plaintiff because of her pregnancy in violation of the PDA.

22. In doing so, Defendant Security Finance acted maliciously and with reckless indifference to Plaintiff's right to be free from discrimination based on her pregnancy.

23. Plaintiff is therefore entitled to damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs for this action, and pre-judgment interest.

24. As a direct and proximate result of the Defendant Security Finance's conduct, Plaintiff has suffered damages including, but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

WHEREFORE, Plaintiff prays for a judgment in her favor and against Defendant Security Finance on her Complaint for Damages in an amount exceeding $25,000; for an award of compensatory and punitive damages; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

### Count II – Missouri Human Rights Violation
### Disability Discrimination

COMES NOW Plaintiff, and for Count II of her Complaint against Defendant Security Finance, states as follows:

25. Plaintiff incorporates by reference paragraphs 1 through 18 as if more fully set forth herein.

26. This count is brought pursuant to the Missouri Human Rights Act ("MHRA"). Jurisdiction of this action is conferred under RSMo. § 213.111.

27. At all times relevant to this litigation, Plaintiff was an employee of Defendant Security Finance within the meaning of the Missouri Human Rights Act.

4

28. Plaintiff filed a timely charge of Discrimination with the Missouri Commission of Human Rights and the Equal Employment Opportunity Commission. A copy of the charge is attached hereto as Exhibit A and incorporated herein by reference.

29. Plaintiff received her Notice of Right to Sue pursuant to the Missouri Human Rights Act. A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference.

30. This action has been timely filed with this Court and Plaintiff has met all conditions precedent to the filing of this action.

31. During all times relevant to the allegations of this Complaint, Plaintiff was pregnant and, therefore, regarded as having a disability as that term is defined in Section. 213.010, RSMo.

32. Plaintiff's disability was a motivating factor in her wrongful termination and hostile work environment she suffered and experienced.

33. Defendant Security Finance knew or should have known of the harassment and failed to take prompt and effective remedial action.

34. Plaintiff's terms, conditions, and privileges of employment were adversely affected due to her disability which created a hostile work environment.

35. Defendant Security Finance has applied a system wherein different terms, conditions, and privileges of employment are used as a design and intention to discriminate on the basis of Plaintiff's disability.

36. Due to Defendant Security Finance's actions, Plaintiff's status as an employee was adversely affected in that she was wrongfully terminated for being pregnant.

37. As a direct and proximate result of Defendant Security Finance's actions, Plaintiff has suffered damages, including, but not limited to, lost income and benefits,

future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

38. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

39. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant Security Finance to punish Defendant Security Finance and to deter Defendant Security Finance and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant Security Finance in an amount exceeding $25,000, an award of compensatory and punitive damages, costs and attorneys' fees, post-judgment interest, and for such other and further relief as this Court deems just and proper.

### COUNT III – MISSOURI HUMAN RIGHTS VIOLATION
### Gender Discrimination

COMES NOW Plaintiff, and for Count III of her Complaint against Defendant Security Finance, states as follows:

40. Plaintiff incorporates by reference paragraphs 1 through 18 and paragraphs 25 through 39 as if more fully set forth herein.

41. Plaintiff is a female and her gender is protected by the MHRA.

42. Plaintiff's gender was a motivating factor in the discriminatory conduct and hostile work environment she suffered and experienced.

43. Defendant Security Finance knew or should have known of the harassment and failed to take prompt and effective remedial action.

44. Plaintiff's terms, conditions, and privileges of employment were adversely affected due to her gender which created a hostile work environment.

45. Defendant Security Finance has applied a system wherein different terms, conditions, and privileges of employment are used as a design and intention to discriminate on the basis of Plaintiff's gender.

46. Due to Defendant Security Finance's actions, Plaintiff's status as an employee was adversely affected.

47. As a direct and proximate result of Defendant Security Finance's actions, Plaintiff has suffered damages, including, but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

48. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

49. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant Security Finance to punish Defendant Security Finance and to deter Defendant Security Finance and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant Security Finance in an amount exceeding $25,000, an award of compensatory and punitive damages, costs and attorneys' fees, post-judgment interest, and for such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to F.R.Civ.P.38, Plaintiff hereby demands a trial by jury on each and every issue so triable.

                                              Respectfully Submitted,

                                              */s/ Michael S. Holder*

Michael S. Holder, MO Bar # 39165
Holder Susan Slusher, LLC
107 N. 7th St.
Columbia, MO 65201
Phone:  573-499-1700
Fax:    573-499-0969
mholder@midmissourilawyers.com

ATTORNEY FOR PLAINTIFF

8